UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No.08cr1913-L (PCL) |
| Plaintiff, ) | |
| vs. ) | |
| Katherine Ann STOVER ) | PROPOSED ORDER FOR TAKING THE VIDEO DEPOSITIONS OF MATERIAL WITNESSES ANTONIO SOLIS-MARTINEZ AND EFRAIN RAMOS-BAEZ |
| Defendant. ) | |

Upon motion of Attorney Ray Keramati representing the material witnesses mentioned herein, and good cause appearing:

1. The material witnesses, **ANTONIO SOLIS-MARTINEZ AND EFRAIN RAMOS-BAEZ** held in custody in case number **08cr1913** shall be deposed on **July17, 2008 by close of business** in the U.S. Attorney's Office in San Diego, California.

2. All parties shall attend the deposition. The arresting agency shall bring the material witnesses to the deposition. If the defendant in this case is in custody, that defendant shall be

brought separately to the deposition and a Marshall shall remain present during the entire proceeding.

    3. Defendant's request for discovery shall be granted.

    4. The United States Attorney's Office shall provide a videotape and audio-tape operator and arrange for a court-certified interpreter to be present for the material witnesses, if necessary.

    5. The cost of the interpreter for the material witnesses will be borne by the court.

    6. If a defendant needs an interpreter independent of the material witness interpreter (if any), defense counsel will arrange for a court-certified interpreter to be present. The cost of a separate interpreter for the defendant shall be paid by the court.

    7. A notary is to preside at the depositions in accordance with Rule 28(a), Fed.R.Civ.P. The parties may, by written stipulation, agree to the selection of any state certified notary. In the absence of a written stipulation, the U.S. Attorney's Office shall provide and pay for a notary as set forth in Fed. R. Civ. P. 28(c).

    8. The depositions shall be videotape and audio-tape recorded. Prior to the conclusion of a deposition, the deponent, or a party, may, for good faith reasons, elect to have the deponent review the videotaped record of his deposition so as to check the recording for errors or omissions and to note any changes. Any errors or changes, and the reasons for making them, shall be stated in writing and such writing shall be signed by the deponent.

    9. The videotape and audio-tape operator shall select and supply all equipment required to videotape and audiotape the deposition and shall determine all matters of staging and technique, such as number and placement of cameras and microphones, lighting, camera angle, and background. He/she shall determine these matters in a manner that accurately reproduces the appearance of the witness and assures clear reproduction of both the witness' testimony and the statements of counsel. The witness, or any party to the action, may place upon the record any objection to the videotape operator's handling of any of these matters. Such objections shall be considered by the Court in ruling on the admissibility of the video record. All such objections shall be deemed waived unless made promptly after the objector knows, or has reasonable grounds to know, of the basis of such objection.

10. The depositions shall be recorded in a fair, impartial, objective manner. The videotape equipment shall be focused on the witness; however, the videotape operator may from time to time focus upon charts, photographs, exhibits or like material being shown to the witness during the deposition.

11. Before examination of a witness, the material witness's attorney shall state on the video record his name; the date, time and place of the deposition; the name of the witness and the caption of the action; the identity of the parties and the names of all persons present in the deposition room. A notary shall then swear the witness on the video record. Further, at the beginning of the examination by each counsel, the counsel shall identify himself or herself and his or her respective client on the record.

12. The videotape and audio-tape operator shall not stop the video or audio-tape recorder after the deposition commences until it concludes, except, however, that any party may request a cessation for a brief recess, which request will be honored unless another party objects and states the basis for said objections on the record. Each time the tape is stopped or started, the operator shall announce he time on the record. If the deposition requires the use of more than one tape, the end of each tape and the beginning of the next shall be announced orally on the video record by the operator.

13. Testimonial evidence objected to shall be recorded as if the objection had been overruled and the court shall rule on the objections prior to admitting that portion of the deposition. The party raising the objection(s) shall be responsible for preparing a transcript for the court to consider. All objections to the evidence presented shall be deemed waived unless made during the deposition.

14. The party offering the deposition into evidence at trial shall be responsible for providing the court with a transcript of the portions so offered. The transcript will be used in lieu of contemporaneous transcription by the court reporter.

15. Copies of all exhibits utilized during the videotaped deposition shall be attached to the videotaped record.

16. At the conclusion of a deposition, the Government and defendant will advise the

material witness attorneys if they intend to object to the release of the material witnesses. If the parties do not object to the release of material witnesses, the Government will immediately approve the material witness' release order. The Government will provide the witnesses with subpoenas for the trial date and a travel fund advance letter.

17. If either party objects to the release of the material witnesses, the objecting party must request in writing a hearing on the issue before the District Court within four business days after the deposition has concluded. At the hearing, the objecting party must be prepared to show why live witness testimony is vital to its case. If, after the hearing, the Court decides to release the material witness(es), the material witness attorney should file the witnesses' release order immediately. Again, the Government must serve the material witnesses with trial subpoenas and a travel fund advance letter before the material witnesses are released from custody.

18. The audio tape shall be turned over to the notary at the conclusion of the deposition along with a certificate signed by the audio-tape operator attesting that it is an accurate and complete record of the deposition.

19. The notary shall file this original tape, along with the certification, with the court in a sealed envelope marked with the caption of the case, the names of the witnesses and the date of the deposition.

20. Upon request by either party, the videotape operator shall provide a copy of the videotaped deposition to the requesting party at the requesting party's expense. After preparing the requested copies, if any, the videotape operator shall turn the original videotape over to the notary along with a certificate signed by the videotape operator attesting that the videotape is an accurate and complete record of the recorded deposition.

21. The notary shall file the original videotape, along with any exhibits offered during the deposition, with the Court in a sealed envelope marked with the caption of the case, the name of the witness and the date of the deposition. To that envelope, the notary shall attach the sworn statement that the videotape is an accurate and complete record of the recorded deposition.

/////

/////

22. Unless waived by the parties, the notary must give prompt notice to all parties of the filing of the videotaped record of the deposition with the Court pursuant to Fed.R.Civ.P.30 (f)(3).

IT IS SO ORDERED

DATED: July 3, 2008

**HON. PETER C. LEWIS**
United States Magistrate Judge